THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Bisa Noni Wilburn and Bruce Randall Miller, Defendants,
of whom Bruce Randall Miller is Appellant.
 
 
 

In the interest of:  B'isha Mi'anna-Anne Miller DOB: 10/23/02 A minor child under the age of eighteen.

Appeal From Greenville County
R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No. 2005-UP-451
Heard June 21, 2005  Filed July 18, 2005

AFFIRMED

 
 
 
Chace Campbell, of Greenville, for Appellant.
Vanessa Lynn Hartman, of Greenville, for Respondent.
Russell Paul Reach, of Greenville, for Guardian Ad Litem
 
 
 

PER CURIAM:  Bruce Randall Miller appeals the family courts termination of his parental rights.  We affirm pursuant to Rule 220, SCACR and the following authorities:  S.C. Code Ann. § 15-7-1572(4) (Supp. 2004) (stating the family court may order the termination of parental rights upon a finding that [t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child and that termination is in the childs best interests); Hamby v. Hamby, 264 S.C. 614, 618-19, 216 S.E.2d 536, 539 (1975) (finding the fathers voluntary acts that resulted in his imprisonment demonstrated a conscious disregard of indifference to his parental obligations as to evince a settled purpose to forego his obligations and duties to his child.); S.C. Dept of Soc. Servs. v. Parker, 336 S.C. 248, 258, 519 S.E.2d 351, 356 (Ct. App. 1999) (stating that the purchases of canteen food and cigarettes while in prison were unnecessary expenses).
 AFFIRMED.
GOOLSBY and HUFF, JJ., and CURETON, A.J., concur.